647 A.2d 504

**In the Matter of Joseph Wade FOLTZ, Petition for Reinstatement from Inactive Status.**

**No. 54 Disciplinary Docket No. 3.**
**Disciplinary Board No. 35 DB 94.**

Supreme Court of Pennsylvania.

Sept. 16, 1994.

*ORDER*

PER CURIAM:

AND NOW, this 16th day of September, 1994, a Rule having been entered upon Joseph Wade Foltz on August 9, 1994, to show cause why he should not be disciplined for the admitted unauthorized practice of law, upon consideration of the responses filed, the Rule is discharged and it is hereby

ORDERED that Joseph Wade Foltz shall be and he is reinstated to active status as a member of the Bar of this

Commonwealth and, pursuant to Rule 218(e), Pa.R.D.E., he shall pay the expenses incurred by the Disciplinary Board in the investigation and processing of the Petition for Reinstatement.

PAPADAKOS, J., files a Dissenting Statement in which CASTILLE, J., joins.

MONTEMURO, J., is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1801, due to the unavailability of LARSEN, J., see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.

PAPADAKOS, Justice, dissenting.

Joseph Wade Foltz, Esquire, is a person of impeccable integrity and legal abilities. He has held high legal positions in the corporate world and enjoys an excellent reputation among his peers and associates. Unfortunately, he has admittedly been engaged in the unauthorized practice of law in the Commonwealth of Pennsylvania since 1990. He has been paying membership dues to the Pennsylvania Bar Association and inexplicably assumed that this was sufficient to reactivate him from his inactive status. He has not been paying the required yearly registration fees that all other active lawyers pay. Nor has he offered to pay the retroactive registration fees from 1990 to date.

My colleagues believe that this omission on the part of Mr. Foltz to register and pay the required registration fees each year is much ado about nothing. My colleagues believe that Mr. Foltz has simply forgotten to do his homework. I cannot be so charitable. Mr. Foltz is not above the law and should be chastised for this egregious error on his part. The unauthorized practice of law is a serious matter which we should not condone.

Fortunately, it appears that Mr. Foltz has represented his clients with integrity, legal ability and dedication. In short, he is a good lawyer and should not be denied the privilege of practicing his profession. However, in my view, he must pay

the piper and I would impose a private reprimand and assess the costs and registration fees for the years 1990 through 1994.

CASTILLE, J., joins this Dissenting Statement.